THE STATE, EX REL. CARL, *v.* QUILLIN ET AL.

(No. 3774—Decided March 31, 1941.)

*Messrs. Hackett & Lynch,* for relator.
*Mr. Martin S. Dodd,* director of law, and *Mr. J. Slater Gibson,* for respondents.

LLOYD, J.  The relator, Mary J. Carl, asks the court to issue in her behalf a writ of mandamus to compel the recognition of herself as the beneficiary eligible for benefits from the police relief sub-fund as the widow of ·Claude Carl who, at the time of his death, was a retired member of the division of police of the department of public safety of the city of Toledo, and as corelative therewith, the issuance by the board of trustees of the police relief fund of an order directing the treasurer of the city of Toledo as custodian thereof to pay to her the sum of $3,000 to which she claims to be entitled.

It is alleged in the petition that relator was the wife of Claude Carl prior to his death, which occurred on September 6, 1940; that theretofore, on March 1, 1914, Carl was appointed a member of the division of police of the city of Toledo, continuing in active duty until March 1, 1934, at which time he voluntarily became a retired member thereof in good standing and so continued until his death, and that there was issued to him a certificate of membership signed by the secretary. It is alleged that the police relief fund was established pursuant to an ordinance of the city of Toledo and certain designated sections of the General Code of Ohio

pursuant whereto trustees constituting a board of trustees were selected; that "under the provisions of Section 4625, General Code, a former board of such trustees, to make effective the provisions of said section, set up a board of trustees of the police relief sub-fund and made certain rules and regulations for the safe-keeping and proper distribution of said relief sub-fund", rule 1 providing that "this board shall be known as trustees of police relief sub-fund and shall be composed of five persons, who are members of the police department"; and that "respondents and their predecessors in office, * * * have administered the funds entrusted by law to them to be administered and distributed to beneficiaries entitled thereto."

Among the rules adopted by the administrative board of trustees and pleaded in the petition are:

"Rule 10. Beneficiaries. A person named by a member of the police department as beneficiary of the police relief sub-fund must be husband, wife, child or children, born to such member prior to or during his or her time of actual service, or retirement, or the mother or father of deceased member."

"Rule 14. Applications to become a contributing member to the police relief sub-fund shall be presented in writing to the secretary of the board on a blank prepared and furnished for that purpose, and must bear the signature of the applicant and have the name of beneficiary attached thereto; said application to be acted upon at the first regular meeting of the board of trustees following the date of application."

"Rule 15. When an applicant is accepted by the board of trustees, he shall receive a certificate of membership signed by the secretary, such certificate to be made in conformity to the applicant's wishes as to whom he or she desires benefits to be paid; provided that any member may at any time change the name

of the beneficiary designated in his or her application upon making in writing to the secretary; stating to whom he or she desires benefits to be paid; whereupon the secretary, upon the surrender of his old certificate, will issue to him or her a new certificate.''

"Rule 20. Following the death of a member of the police force who is not in arrears for dues, fines or assessments at the time of his or her death and who was a voluntary contributor to the police relief sub-fund, the sum of $3,000 shall be appropriated by the board of trustees, to be paid to the beneficiary out of the fund, provided in rule 18 of these rules.''

"Rule 23. Following the death of a member of the Toledo police department who is not in arrears for dues to the police relief sub-fund, whether in active duty or honorably retired, the board of trustees shall investigate and if no beneficiaries are found, as provided in rule 10, funeral expenses shall be paid from the police relief sub-fund and not to exceed $500. Doctor and hospital bills not to exceed $250.''

It is alleged that, although Carl had designated Thelma Schwerer, a niece by marriage, as the beneficiary of the benefits to be paid out of the police relief sub-fund as provided in rule 20, the relator as his surviving widow is entitled thereto, he having left surviving him no children and no father or mother. Alleging that it was the duty of respondents, as members of the board of trustees of the police relief fund and of the police relief sub-fund, to order paid to her the sum of $3,000, and for that purpose to cause to be issued by the treasurer of the city of Toledo a proper voucher therefor, and that respondents have failed, neglected and refused to constitute relator as the beneficiary of said fund and to cause to be paid to her the $3,000 to which she is entitled, she prays for a writ of mandamus commanding the respondents to so act. A demurrer to the petition having been filed, this

court is called upon to say whether either of the two grounds thereof is well taken. These are: (1) "The petition does not state facts constituting a cause of action"; and (2) "the court has no jurisdiction of the subject of the action."

The second ground of the demurrer is easily and quickly disposed of by saying that the Constitution confers upon this court the right to issue a writ of mandamus where the facts warrant it. Because the petition in a given case fails to state a cause of action, does not affect the jurisdiction of the court. It is a proper court in which to commence such an action. Whether it can be maintained depends upon the facts alleged or, if the petition states a cause of action, upon the facts in evidence at the trial.

Do the facts alleged constitute a cause of action?

Obviously they do not. Rule 10 provides as to who may be named as beneficiary. Rule 14 provides that the beneficiary shall be named in the application of the contributing member in accordance with the rules of the department. The person named by Carl was not eligible under rule 10 to be a beneficiary.

Rule 23 provides how the board of trustees shall proceed "if no beneficiaries are found, as provided in rule 10." Mrs. Carl, although eligible to have been named by Carl in the application, was not so designated, and an action in mandamus can not be substituted for a civil action to determine whether, despite that omission, she is entitled to the $3,000 which she claims should be paid to her.

Before this court will consider awarding the writ sought, the relator must establish clearly and with certainty her right thereto.

The demurrer is sustained.

*Demurrer sustained.*

OVERMYER and CARPENTER, JJ., concur.